# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50062 | **DATE** | 3/10/2011 |
| **CASE TITLE** | MCGIP, LLC v. Does 1-17 | | |

**DOCKET ENTRY TEXT:**

Plaintiff's complaint is sua sponte dismissed without prejudice for lack of subject matter jurisdiction. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

In this case, plaintiff, MCGIP, LLC, has attempted to allege a claim for copyright infringement on its adult video, "Gloryhole: Dayna Vendetta" (hereinafter "Video"). Jurisdiction is alleged based on federal question jurisdiction, 28 U.S.C. § 1331, and as an action arising under an Act of Congress relating to copyrights, 28 U.S.C. § 1338(a). "Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction sua sponte, they must." Hay v. Ind. State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002) (citations omitted). Based upon this court's sua sponte review of its subject matter jurisdiction, the court has determined that it lacks jurisdiction over the copyright claim, as there are no allegations that the copyright on the Video has been registered.

A district court does not have jurisdiction over a copyright infringement claim until the Copyright Office grants the registration application and issues a certificate of registration. See 17 U.S.C. § 411(a); see also Automation By Design, Inc. v. Raybestos Prods. Co., 463 F.3d 749, 752 n.1 (7th Cir. 2006); Pickett v. Prince, 207 F.3d 402, 404 (7th Cir. 2000); Brooks-Ngwenya v. Thompson, 202 F. App'x 125, 126-27 (7th Cir. 2006); Turtle Wax, Inc. v. Zymol Enters., Inc., No. 04 C 2086, 2006 WL 335797, at *2 (N.D. Ill. Feb. 13, 2006). Plaintiff's allegation that the Video "is the subject on a copyright registration application and the application is currently pending in the United States Copyright Office" is insufficient to confer this court with jurisdiction. See, e.g., Mays & Assocs., Inc. v. Euler, 370 F. Supp. 2d 362, 368-70 (D. Md. 2005); Corbis Corp. v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1111-13 (W.D. Wash. 2004). Accordingly, plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction based on the failure to secure registration of the alleged copyrighted work before instituting this suit.