# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50062 | **DATE** | 3/15/2011 |
| **CASE TITLE** | MCGIP, LLC v. Does 1-17 | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for reconsideration [7] is granted. The court's previous order dismissing the case for lack of subject matter jurisdiction [5] is stricken, and the judgment [6] is vacated. The clerk is direct to reopen the case. However, plaintiff is ordered to show cause within 14 days why the case should not be dismissed for failure to state a claim upon which relief can be granted. Failure to respond will result in the case being dismissed without prejudice to refiling upon registration of the copyright. Presentment of plaintiff's motion is cancelled.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Plaintiff, MCGIP, LLC, has attempted to allege a claim for copyright infringement. In a previous order, this court held that it lacked jurisdiction to consider this claim until the Copyright Office grants the plaintiff's registration application and issues a certificate of registration for the claimed copyright, pursuant to 17 U.S.C. § 411(a). Plaintiff now moves for reconsideration of that order, citing (incorrectly) the Supreme Court's decision in Reed Elsevier, Inc. v. Muchnick, 559 U.S. ___, 130 S. Ct. 1237 (2010), which held that "§ 411(a)'s registration requirement is nonjurisdictional." Id. at 1248. Based on this authority, the court grants plaintiff's motion to reconsider and will strike its previous order dismissing the case, vacate the judgment, and direct the clerk to reopen the case.

  However, the fact that the registration requirement in § 411(a) is a "precondition to suit" rather than a jurisdictional prerequisite, id. at 1247, makes little difference in the context of this case. By alleging in its complaint that its "copyright registration application . . . is currently pending in the United States Copyright Office," plaintiff has pled facts which show that it is unable to state a claim upon which relief can be granted. See HyperQuest, Inc. v. N'Site Solutions, Inc., ___ F.3d ___, 2011 WL 148803, at *3 (7th Cir. Jan. 19, 2011) (discussing Reed Elsevier and explaining that "the Copyright Act spells out who has enforceable rights under the statute; someone who does may sue, and someone who does not has failed to state a claim upon which relief may be granted"). Normally the court would wait for the defendant to raise this issue in a motion under Federal Rule of Civil Procedure 12(b)(6). However, because the defendants in this case are unknown at this time, the court's normal procedure is unavailable, and the court will consider sua sponte whether to dismiss this case. See Moser v. Universal Eng'g Corp., 11 F.3d 720, 723 (7th Cir. 1993) ("The inherent authority of the district court to dismiss a case sua sponte and control its docket is well established."); see also Fed. R. Civ. P. 56(f)(3) (permitting the court to grant summary judgment on its own after giving notice and a reasonable time to respond).

  Based on the foregoing, it appears to the court that this case should be dismissed without prejudice to

**STATEMENT**

refiling once plaintiff has obtained a copyright registration, but the court will give plaintiff an opportunity to respond before entering such an order. Accordingly, plaintiff is ordered to show cause within 14 days why the case should not be dismissed for failure to state a claim upon which relief can be granted. Failure to do so will result in the case being dismissed without prejudice without further notice.