**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

MCGIP, LLC,

    Plaintiff,

v.

DOES 1 – 17,

    Defendants.

CASE NO. 3:11-cv-50062

Judge: Hon. Frederick J. Kapala

**PLAINTIFF'S RESPONSE TO THE COURT'S SHOW CAUSE ORDER OF
MARCH 15, 2011**

On March 15, 2011, the Court issued an Order to Show Cause for why Plaintiff's complaint should not be dismissed *sua sponte* for failure to state a claim upon which relief can be granted. Plaintiff, through its undersigned counsel, respectfully submits this Response.

Plaintiff's complaint should not be dismissed by the Court for two independent reasons. First, the inherent authority of the district court to dismiss a complaint *sua sponte* for failure to state a claim does not arise until defendants have been served with summons. Second, the Seventh Circuit follows the "application approach" with respect to copyright infringement claim pleading requirements.

[intentionally left blank]

# ARGUMENT

I. **THE INHERENT AUTHORITY OF A DISTRICT COURT TO DISMISS A COMPLAINT *SUA SPONTE* FOR FAILURE TO STATE A CLAIM DOES NOT ARISE UNTIL DEFENDANTS HAVE BEEN SERVED WITH SUMMONS**

The inherent power of a district court to dismiss a complaint *sua sponte* for failure to state a claim is not without limitation. *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989) ("[T]he district court's authority to dismiss the complaint *sua sponte* is, to a certain degree, limited by the requirements of the Federal Rules.") The Seventh Circuit has, "[C]onsistently interpreted Rule 4(a) to require that summons be issued and served before the complaint may be dismissed." *Id.* (citation omitted). Thus, "Once a complaint has been filed, a court may not dismiss on its own motion until it has permitted service of process pursuant to Fed. R. Civ. P. 4." *Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (citation omitted).

The benefits of the Seventh Circuit's approach are significant. *See Ricketts,* 874 F.2d at 1185 ("[W]e believe that a wasteful shuttling of cases involving complaints which are substantial enough to invoke federal jurisdiction, but which may ultimately fail to state a claim is best avoided by following our decision in *Bryan v. Johnson*…."). A leading concern of the *Ricketts* Court was the procedural awkwardness that would result from an appeal of a district court decision without the participation of unserved defendants. *Id.* at 1185-86. In this case, because the Defendants are currently anonymous, any appeal taken by Plaintiff would almost certainly be without the Defendant's participation.

Defendants' anonymity is temporary. Plaintiff intends to submit a motion for leave to take limited discovery prior to the Rule 26(f) conference to unmask the names of the account holders associated with the IP addresses over which infringing activity was observed. After Plaintiff completes this initial limited discovery process, it will name Defendants (assuming their

records have not been destroyed by Internet Service Providers) and at that time both the Defendants and the Court will have an opportunity to consider the adequacy of Plaintiff's pleadings. The Court's proposed *sua sponte* dismissal of Plaintiff's complaint for failure to state a claim is premature until Defendants have been served with summons. Moreover, the proposed *sua sponte* dismissal of Plaintiff's complaint is inconsistent with the Seventh Circuit's interpretation of 17 U.S.C. § 411(a).

## II. THE SEVENTH CIRCUIT FOLLOWS THE "APPLICATION APPROACH" TO PLEADING AN INFRINGEMENT CLAIM

17 U.S.C. § 411(a) states, "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." The meaning of the word "registration" as it is used in 17 U.S.C. § 411(a) is not defined in the statute. It could theoretically refer to any of the following: 1) the time of submitting an application to the Copyright Office; 2) the time at which the Copyright Office examines the copy; 3) the time at which the Copyright Office makes a registration decision; or 4) the time at which the Copyright Office issues a certificate of registration.

Until recently, this interpretive analysis was further complicated by the issue of whether the mandate of 17 U.S.C. § 411(a) was simply an element of an infringement claim, rose to the level of a jurisdictional hurdle or was some combination of the two. Courts nationwide were highly fragmented on this issue until the Supreme Court issued its decision in *Reed Elsevier, Inc. v. Muchnick*, __ U.S. __, 130 S. Ct. 1237 (2010). In its decision, the Supreme Court clarified that 17 U.S.C. § 411(a)'s registration requirement was not jurisdictional in nature. *Id.*

Plaintiff's counsel was unable to locate any – now abrogated – Seventh Circuit decisions interpreting the registration requirement in the context of a jurisdictional hurdle. In contrast, the

Seventh Circuit does appear to have interpreted the registration requirement for purposes of pleading a copyright infringement claim. *See Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003) ("Although a copyright no longer need to be registered with the Copyright Office to be valid, an application for registration must be filed before the copyright can be sued upon.") (citing 17 U.S.C. § 411(a); 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][1][a] (2003)); *cf. Brooks Ngwenya v. Indianapolis Public Schools*, 564 F.3d 804, 806 (7th Cir. 2009) (citing *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003)).

The Seventh Circuit's application approach was recently cited by the Ninth Circuit in support of its decision to adopt the same. *Cosmetic Ideas v. IAC*, 606 F.3d 612, 615-16 (2010) ("[T]he Fifth and Seventh Circuits have adopted the application approach.") (citing *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386-87 (5th Cir. 1984); *Chicago Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir. 2003)). Secondary sources also note the Seventh Circuit's use of the application approach. 18 C.J.S. *Copyrights* § 108 (2011); Raymond J. Dowd, *Copyright Litigation Handbook* § 4:2 (2010).

## CONCLUSION

A *sua sponte* dismissal by the Court of Plaintiff's complaint as this stage of the litigation would be premature because the inherent authority of a district court to dismiss a complaint for failure to state a claim does not arise until defendants have been served with summons, which has yet to occur here. Further, and perhaps more importantly, because the Seventh Circuit follows the application approach, Plaintiff's complaint should not be dismissed for failure to state a claim.

        Respectfully submitted,

        MCGIP, LLC

DATED: March 28, 2011

        By:    /s/ John Steele
                John Steele (Bar No. 6292158)
                Steele Hansmeier PLLC
                161 N. Clark St., Suite 4700
                Chicago, IL 60601
                312-880-9160; Fax 312-893-5677
                jlsteele@wefightpiracy.com
                *Attorney for Plaintiff*